UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALVEIRO MESA LOPEZ, | ) | CASE NO. 4:11 CV1874 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT L. FARLEY, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Alveiro Mesa Lopez filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Robert L. Farley, Warden at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"). Petitioner, who was incarcerated at F.C.I. Elkton when he filed this Petition, asserts the Respondent is improperly confining him in a Special Housing Unit (SHU). For the reasons discussed below, the Petition is dismissed.

*Background*

Petitioner was indicted, in part, for possession with intent to distribute cocaine in the United States District Court for the District of South Carolina. *See United States v. Freeman,*

*et al*, No. 6:06-cr-00998 (D.S.C. Sept. 14, 2006). *See* https://pcl.uscourts.gov/search.[1] On June 21, 2007, the district court committed Petitioner to the custody of the Bureau of Prisons (BOP) to serve a term of 240 months in prison. *Id.*

Petitioner was placed in the SHU at F.C.I. Elkton on June 13, 2011. He protested this placement by filing grievances on July 9, 2011 and August 9, 2011. He states neither grievance was answered. Petitioner's case manager allegedly advised him: "It is what it is." (Pet. at 3.)

Petitioner asserts his administrative confinement in SHU violates 28 C.F.R. §§ 541.22(a), 541.26(b) & (c), and 541.31(1)(l) & (n), regulations that govern the actions of BOP officials.

First, Petitioner complains he does not qualify for placement under 28 C.F.R. § 541.22(a) which provides that a prisoner's placement in SHU "detention status is an administrative status which removes [him] . . . from the general population when necessary to ensure the safety, security, and orderly operation of correctional facilities, or protect the public."

Second, Petitioner asserts he is being held without proper review or hearing. The regulations provide for a review three days after initial placement in SHU, with subsequent reviews every seven days, as well as a hearing every thirty days. *See* 28 C.F.R. § 541.26(b)&(c).

Finally, Petitioner maintains he has no access to legal work or assistance, has limited access to commissary privileges, is prohibited from bringing purchased food into his cell, and has been denied access to educational programs and religious services in violation of 28

---

[1]Petitioner makes a general reference to a drug conviction in the District Court of South Carolina. The Court determined the case number and sentencing information, however, through the Public Access to Court Electronic Records (PACER), an electronic public access service.

C.F.R. § 541.31(h)(1),(l),(n) which affords reasonable access to the commissary during detention status, an opportunity to perform legal activities, and access to programming activities.

Petitioner asks the Court to direct the BOP to provide the privileges and services he has been denied, or to which his access has been limited while in the SHU.  In the alternative, he asks the Court to move him back into the general prison population "where he can have access to all mentioned while awaiting transfer to another prison." (Pet. at 6)

*Standard of Review*

Once a § 2241 petition is before the court, it must be screened pursuant to 28 U.S.C. § 2243 to determine if the alleged facts, if true, warrant issuance of the writ.  The allegations in the petition are taken as true and liberally construed in favor of the petitioner. If "it appears from the application that the applicant or person detained is not entitled thereto," the petition will be dismissed.  *See* 28 U.S.C. §2243.

*Discussion*

The federal habeas statute provides, in relevant part, that: "The writ of habeas corpus *shall not* extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3).  The statute only extends its reach to challenges that affect the length or duration of a prisoner's sentence.  Therefore, it is only when a prisoner seeks to challenge the "legality or duration" of his confinement that a habeas corpus petition is the proper vehicle. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

"Under 28 U.S.C. § 2241, a prisoner may challenge the execution of his sentence or the manner in which his sentence is being served, but cannot challenge the conviction or sentence itself." *Lee v. Rios*, 360 Fed.Appx. 625 (6th Cir. 2010) (citing *Ali v. Tenn. Bd. of Pardon*

*& Paroles*, 431 F.3d 896, 897 (6th Cir.2005).

Here, Petitioner complains that his placement in SHU has altered the conditions of his confinement by depriving him of privileges he enjoyed while in the general prison population, and that these conditions were altered without an advance hearing or interim review.

"These types of claims may not be brought under 28 U.S.C. § 2241, which is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement." *Velasco v. Lamanna*, 16 Fed. Appx. 311 (6th Cir. 2001) (citing *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir.1979)).

The Third Circuit, for example, rejected a § 2241 petition where the prisoner alleged that during his confinement in the Special Housing Unit, he was denied various personal items. The court determined that the "petition does not challenge the fact or duration of his imprisonment... As we have explained, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Crooker v. Werlinger,* 391 Fed.Appx. 126 (3rd Cir. 2010).

To the extent Petitioner is requesting relief based on the circumstances of confinement, he may file a civil rights complaint pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). The Court declines to construe his present Petition as such. Moreover, a review of the BOP's Inmate Locator Service indicates that Petitioner has been transferred from F.C.I. Elkton to the Federal Medical Center (FMC) in Lexington, Kentucky. *See*

http://www.bop.gov/iloc2/LocateInmate.jsp.[2]

*Conclusion*

Based on the foregoing, the Petition is dismissed. The Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 2/10/12

---

[2]A court may take judicial notice of information on the Inmate Locator Service. *Harvey v. Eichenlaub*, No. 06-CV-15375, 2007 WL 2782249, at *1 (E.D. Mich. Sept. 24, 2007).